```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

KEVIN REID ALTHOUSE,           §
              Petitioner,      §
                               §
v.                             §   Civil Action No. 4:17-CV-097-Y
                               §
BILL WAYBOURN, Sheriff,        §
Tarrant County, Texas,         §
              Respondent.      §
```

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Kevin Reid Althouse, a state prisoner who was confined in the Tarrant County jail at the time of filing, against Bill Waybourn, Sheriff of Tarrant County, Texas, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that Respondent's motion to dismiss should be granted and the petition dismissed for mootness.

### I. Factual and Procedural History

In February 1999 Petitioner was convicted of theft of property of $20,000 or more and aggravated assault in Dallas County, Texas, and sentenced to concurrent 25-year terms of imprisonment. TDCJ's Offender Information Details, *available at* http://www.tdcj.state.tx.us. Petitioner claims that he was on state parole in the 1999 cases but in November 2016 was arrested in Colleyville, Texas, and charged with a misdemeanor theft. (Pet. 6, 6-A - 6-B, ECF No. 1.) After serving a 40-day sentence on the misdemeanor theft, the state

parole board directed that his parole supervision continue, but, as a sanction, required that he participate in a 60-day Intermediate Sanction Facility (ISF) program. In this petition, Petitioner claims that he has been illegally confined in solitary confinement in the Tarrant County jail since his arrest in November 2016 without notice, hearing or review because of his previous "walk away" escapes in Pennsylvania. He seeks immediate release from solitary confinement; immediate transport to West Texas ISF in Brownfield, Texas; or release from the Tarrant County jail at "completion of parole sanction time of 60 days." (*Id.* at 7.) Respondent has filed a motion to dismiss the petition as moot. (Resp't's Answer, ECF No. 6.)

II.   Discussion

Respondent provides proof that Petitioner was released from the Tarrant County jail and transported to the East Texas Treatment Facility, an ISF, on February 3, 2017. (Resp't's Answer 3, ECF No. 6.) Petitioner has not given the Court notice of his address change. Nevertheless, the Court finds Petitioner's claims are rendered moot as a result of his transfer to an ISF. Because there is no longer any relief for the Court to award and Petitioner has been afforded the relief he is seeking by way of this federal habeas petition, dismissal for mootness is appropriate. *See Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987).

For the reasons discussed, the Court GRANTS Respondent's

2

motion to dismiss, DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for mootness.

Further, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Upon review and consideration of the record in the above-referenced case as to whether Petitioner has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in this order.

Therefore, a certificate of appealability is DENIED.

SIGNED February 16, 2017.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE